CHOCTAW O. & G. R. CO. vs LOPER BROS.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 150).

1. *Courts—Jurisdiction of United States and Commissioners—Trespass.*
   Section 4 of the Act of Congress of March 1, 1895, C. 145 (28 Stat. 696) confers original and exclusive jurisdiction upon Commissioners Courts as justices of the peace in all classes of cases where jurisdiction is by said act conferred upon the United States Court in Indian Territory where the amount or value of the property in demand does not exceed $100.00. Sec. 4026 Mansf. Dig. provides that justices of the peace shall have exclusive jurisdiction in all matters of contract where the amount in controversy does not exceed $100.00, excluding interest. Section 4028 (Ind. Ter. St. 1899, 2706) Mansfield's Digest, provides that a justice of the peace shall not have jurisdiction where a lien on land, or title of possession thereto, is involved. The Act of Congress of May 2, 1890, (26 Stat. 98, C. 182, Art. 39) put in force Chapter 91 of Mansf. Dig. but limits the jurisdiction of Commissioners to causes where the value of the thing or the amount in controversy exceeds one hundred dollars. *Held;* United States Commissioners have full and ample jurisdiction to try all matters exclusive of the District Court, where the demand of the plaintiff does not exceed one hundred dollars, whether the same originated in contract, grew out of personal injury, or arose from damage to real estate.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, March 4, 1904.

Action by Loper Bros. against the Choctaw, Oklahoma & Gulf Railroad Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Action for damages by plaintiffs against defendant, begun in the United States Commissioner's Court within and for the Southern District of the Indian Territory, Fifth Division.

The complaint alleges that plaintiffs are residents of the Southern District; that the defendant company is a corporation, and states that plaintiffs, in October, 1902, and for a long time prior thereto, were the owners of lot No. 1, in block No. 79, town of Tishomingo, I. T.; that about October, 1902, the defendant company, by and through their agents, servants, and employes, unlawfully and without authority from plaintiffs, and against their wishes, and without their consent, entered upon said lot, and removed a large amount of dirt therefrom, and appropriated a large amount of said lot to their own use and benefit, and made a deep excavation in the street against said lot, to the injury and damage of plaintiffs in the sum of $100, and pray judgment for such damages. To this complaint the defendants filed a demurrer as follows: That said complaint does not state facts sufficient to constitute a cause of action; and especially demur that said complaint is insufficient in law, because it appears upon the face of said complaint that this court (commissioner's court) has no jurisdiction of the subject of said action, in that the plaintiffs seek to recover against defendant damages to certain realty described in said complaint. The demurrer was overruled, whereupon defendants filed the following answer: "Now comes the defendant in the above-entitled cause, and denies as alleged in plaintiffs' complaint that the plaintiffs are the legal owners of the lot described in their complaint; and denies that during or about the month of October, 1902, the defendants, by and through their agents, servants, and employes, unlawfully, and without authority from plaintiffs, and against their wishes and without their consent, entered

upon said lot and removed a large amount of dirt therefrom, and appropriated a large amount of said lot to its own use and benefit, to the injury, and damage of plaintiffs in the sum of one hundred dollars or any other sum. Wherefore, defendant prays that it go hence with its reasonable costs." Said cause was tried to a jury, and the jury returned a verdict in favor of plaintiffs for $100. Judgment was duly entered on said verdict in said commissioner's court, and the defendant appealed to the United States Court for the Southern District, in which last court, on March 4, 1904, the demurrer to the complaint came on for hearing, and the court, after hearing said demurrer, overruled the same, to which ruling of the court the defendant duly excepted, and the case was then again tried to a jury in the District Court, verdict in favor of plaintiffs for $100. On March 8, 1904, defendant filed his motion for a new trial, which motion was by the court overruled, defendant excepting thereto, and judgment entered upon the verdict, from which judgment the case was appealed to this court by the defendant.

C. B. Stuart, for appellant.

M. L. Garrett, W. H. Bingham, and Richard M. Lester, for appellees.

GILL, C. J. (after stating the facts). Inasmuch as the bill of exceptions does not contain the evidence or the charge of the court to the jury, the second, third, fourth, fifth, sixth, and seventh specifications of error cannot be considered in this court, and the argument of counsel for appellant particularizes only the first specification of error, which is as follows: "The court erred, first, because it did not sustain the demurrer or plea to the jurisdiction, filed by the defendant." Counsel for appellant directs the attention of the courts to

section 4 of Act March 1, 1895, c. 145, 28 Stat. 696, to sustain his contention that the United States commissioners did not have jurisdiction in this case, because damages were claimed for trespass on real estate. Said section provides: "The original jurisdiction of such commissioners as justices of the peace in civil cases· shall, in all those classes of cases where jurisdiction is by this act conferred upon the United States Court in the Indian Territory be exclusive where the amount or value of the demand or of the property or thing in controversy does not exceed one hundred dollars"—and urges that this is defined and determined by chapter 91 of Mansfield's Digest of the General Laws of Arkansas, as follows:

"Sec. 4026. Justices of the peace shall severally have original jurisdiction in the following matters: First. Exclusive of the Circuit Court in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest; and concurrent jurisdiction in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest. Second. Concurrent jurisdiction in suits for the recovery of personal property where the value of the property does not exceed the sum of three hundred dollars; and in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars." Ind. Ter: Ann. St. 1899, § 2706.

"Sec. 4028. A justice of the peace shall not have jurisdiction where a lien on land, or title or possession thereto is involved." Ind. Ter. Ann. St. 1899, § 2708.

And cites numerous cases from Arkansas in support of this proposition. In the act of May 2, 1890, 26 Stat. 98, c. 182, § 39, Congress provided for the appointment of United

States commissioners, and, among other things, provided for the adoption of chapter 91 of Mansfield's Digest of the Laws of Arkansas, as follows: "The provisions of chapter 91 of the said Laws of Arkansas, regulating the jurisdiction and procedure before justices of the peace are hereby extended over the Indian Territory, and said commissioners shall exercise all the powers conferred by the laws of Arkansas upon justices of the peace within their districts, but they shall have no jurisdiction to try any cause where the value of the thing or the amount in controversy exceeds one hundred dollars."

Section 4 of the act of 1895 does not refer at all in any way to chapter 91 of Mansfield's Digest, except that in its last clause said section provides for an appeal from the final judgments of commissioners in accordance with the provisions of said chapter 91 from justices of the peace in Arkansas. We are thus referred to the act of May 2, 1890, to hold that United States commissioners have jurisdiction, and must proceed in accordance with chapter 91 of Mansfield's Digest, except in reference to appeals. In the act of March 1, 1895, the jurisdiction of United States commissioners is changed, and Congress adopts an entirely different law with reference to such jurisdiction, as follows: "The original jurisdiction of such commissioners as justices of the peace in civil cases shall, in all those classes of cases where jurisdiction is by this act conferred upon the United States Court in the Indian Territory be exclusive where the amount or value of the demand, or of the property or thing in controversy does not exceed one hundred dollars." Comparison of this clause with section 4026, which was adopted in the act of 1890, shows that the exclusive jurisdiction of the commissioners is intended to be altogether different from the exclusive original jurisdiction of the justices of the peace under Mansfield's Digest, and that the United States commissioners were given exclusive jurisdic-

tion to try all cases of whatsoever nature in civil cases, whether on contract or tort, where the "amount or value of the demand" "or of the property or thing in controversy does not exceed $100." We do not see how Congress could have used language broader or plainer to show that it was intended by the law to confer upon United States commissioners full and ample jurisdiction to try all matters exclusive of the District Court, where the demand of the plaintiff did not exceed $100, whether the same originated in contract, grew out of personal injury, or arose from damage to real estate. The statute divides this exclusive jurisdiction into three parts: First, where the amount or value of the demand does not exceed $100; or, second, where the amount or value of the property does not exceed $100; or, third, where the amount or value of the thing in controversy does not exceed $100.

The question of whether damage to real estate is a thing in controversy can hardly be disputed. This term "thing in controversy" certainly is broad language, and used by Congress to designate any and everything which may arise in dispute between two or more parties, and the decisions cited by counsel for appellant cannot be upheld to apply to this case, for the reason that they relate wholly to section 4026 of Mansfield's Digest (Ind. Ter. Ann. St. 1899, § 2706), which is amended, so far as United States commissioners are concerned, by Congress in the act of March 1, 1895.

In our view of the law, we must hold that there was no error on the part of the court below in overruling the defendant's demurrer to the complaint in this action; and, finding no error in the record, the judgment of the court below is hereby affirmed.

CLAYTON and LAWRENCE, JJ., concur.